# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LISA VAN NORMAN,

    *Plaintiff,*

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

    Defendant.

Case No. 16-2209-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Lisa Van Norman's Motion for Attorney's Fees (Doc. 17) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the Commissioner's position was substantially justified, both at the agency level and before this Court, the Court denies Van Norman's motion as explained below.

### I.     Factual and Procedural Background

On April 29, 2013, Van Norman filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning March 1, 2009, due to back pain. The agency denied Van Norman's application both initially and upon reconsideration. She subsequently requested a hearing before an ALJ. At this point, Van Norman also began alleging disability due to chronic obstructive pulmonary disease ("COPD"). The ALJ determined that

Van Norman had the residual functional capacity ("RFC") "to perform light work . . . except she cannot climb ropes, ladders, or scaffolds and she should avoid concentrated exposure to extreme cold, vibrations and fumes, gases and other allergens." Ultimately, the ALJ concluded that Van Norman was not under a disability from her date last insured (September 30, 2013) through the date of his decision.

Van Norman sought review of the ALJ's decision from the Appeals Council, but it denied review. Van Norman then filed a Complaint with this Court alleging that the ALJ's decision was not supported by substantial evidence in the record. Van Norman raised four issues before the Court. She claimed that the ALJ erred in (1) weighing her subjective complaints; (2) not articulating her RFC on a function-by-function basis; (3) weighing the opinion of one of her treating physicians; and (4) not considering all of her impairments in making the RFC assessment. The Court rejected Van Norman's first three arguments. However, with respect to the fourth argument, the Court agreed that the ALJ erred by not discussing Van Norman's knee and hip osteoarthritis, degenerative neck pain, and nebulizer use. Therefore, the Court remanded the case for the Commissioner to determine whether the additional impairments identified by Van Norman are medically determinable, and if so, whether they are severe or not severe.

Van Norman now moves the Court for an award of attorney's fees and her filing fee under the EAJA. Plaintiff asks the Court to award her $5,400.00 in attorney's fees for the 26.9 hours her counsel worked researching and brief writing and $400 in filing fees. The Commissioner opposes the motion, arguing that she is not entitled to fees under the EAJA.

## II. Analysis

### A. Consultation Pursuant to D. Kan. R. 54.2

Before the Court reaches the merits of this matter, it must first address Van Norman's failure to comply with Local Rule 54.2, "Award of Statutory Attorney's Fees." That rule requires the party who makes a motion for statutory attorney's fees to "promptly initiate consultation with the other party."[1] If the parties do not reach an agreement, the moving party is required to file a statement of consultation and a memorandum showing the factual basis for the criteria the court must consider in making the fee award.[2] "The statement of consultation must set forth the date of consultation, the names of those who participated, and the specific results achieved."[3] The statement of consultation and memorandum providing the factual basis for the fee award must be filed within 30 days of filing the motion.[4]

Van Norman filed her motion for attorney's fees on May 1, 2017. With her motion, she filed three attachments: (1) an affidavit declaring that Van Norman's net worth is below $2 million; (2) an affidavit from Van Norman's counsel regarding his background and time spent in this case; and (3) an exhibit to counsel's affidavit detailing his time spent prosecuting Van Norman's claim. Van Norman also filed a memorandum in support of her motion for attorney's fees. The Commissioner filed her response to the motion on May 15, 2017. None of these documents indicate that the parties have conferred pursuant to Rule 54.2, and Van Norman has not filed a statement of consultation as required by the rule.

---

[1] D. Kan. R. 54.2(a).

[2] D. Kan. R. 54.2(c).

[3] D. Kan. R. 54.2(d).

[4] D. Kan. R. 54.2(c).

It is clear that Van Norman has not met the requirements of Rule 54.2. The Rule states that "[t]he court will not consider a motion for statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party files the statement of consultation in compliance with this rule."[5] The Court could therefore deny Van Norman's motion on this basis alone. But, because the Commissioner has already filed her response to Van Norman's motion, the Court finds that the motion is ripe and will rule on it without waiting for a statement of consultation.

**B.     Attorney's Fees under the EAJA**

The EAJA provides for an award of attorney's fees to a prevailing party in a suit against the United States unless the court finds that the United States' position was substantially justified or that special circumstances make an award unjust.[6] Under the EAJA, a prevailing party is a plaintiff who has obtained a remand under sentence four of 42 U.S.C. § 405(g).[7] That sentence allows the district court to remand the case in conjunction with a judgment reversing, modifying, or affirming the Commissioner's decision.[8]

The Commissioner bears the burden to show that her position was substantially justified.[9] To do this, the Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."[10] In other words, the Commissioner must show that her position

---

[5] D. Kan. R. 54.2(d).

[6] 28 U.S.C. § 2412(d)(1)(A); *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

[7] *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

[8] 42 U.S.C. § 405(g).

[9] *Gilbert*, 45 F.3d at 1394.

[10] *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted).

had a reasonable basis in law and fact.[11]  "The [Commissioner's] 'position can be [substantially] justified even though it is not correct.' "[12]

The EAJA defines the United States' position to include both the position taken by the Commissioner in the civil action (the "litigation position") and the agency's failure to act in the underlying proceeding in which the litigation is based (the "prelitigation position").[13]  The general rule is that EAJA fees "should be awarded where the [ALJ's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position."[14]  The Court looks to the record in the civil proceeding, as well as the agency record, to determine whether the Commissioner's position was substantially justified.[15]

The parties agree that Van Norman is a prevailing party.  Therefore, the only issue the Court must decide is whether the Commissioner's position was substantially justified.  The Court remanded the case because the ALJ erred in not discussing Van Norman's hip and knee arthritis, neck pain, and nebulizer use.  The Court found that the ALJ erred because although the record contained evidence of these impairments, the ALJ did not discuss whether they were medically determinable.  And, if they are medically determinable impairments, they must be considered in the RFC assessment.

The Court is persuaded that the Commissioner's position in this case was reasonable both at the agency level and before this Court.  Practically all of the impairments that the ALJ did not

---

[11] *Id.*

[12] *Id.* (quoting *Pierce*, 487 U.S. at 566 n.2)

[13] 28 U.S.C. § 2412(d)(2)(D).

[14] *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)) (internal quotation marks omitted).

[15] 28 U.S.C. § 2412(d)(1)(B).

discuss arose after September 30, 2013—Van Norman's date last insured. Van Norman did not report her hip and knee problems until October 17, 2013, and her single nebulizer treatment was in November 2013. Van Norman did report neck problems before her date last insured, but her treatment provider cleared her to work with no restrictions in August 2013. The Tenth Circuit has explained that "the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status."[16] Furthermore, the ALJ is not required to discuss everything in the administrative record.[17] "[The court] will generally find the ALJ's decision adequate if it discusses the 'uncontroverted evidence' the ALJ chooses not to rely upon and any 'significantly probative evidence' the ALJ decides to reject."[18] Based on the evidence in this case, it was not unreasonable for the ALJ not to discuss Van Norman's hip and knee arthritis, neck pain, or nebulizer use; nor was it unreasonable for the Commissioner to argue that this evidence was not significant enough to warrant the ALJ's discussion.[19] Therefore, the Court concludes that the Commissioner's position was substantially justified. An award of EAJA attorney's fees is not appropriate.

**IT IS THEREFORE ORDERED** that Van Norman's Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. 17) is **DENIED**.

---

[16] *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990).

[17] *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).

[18] *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) (quoting *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007)).

[19] The Court recognized in its decision that "some of these impairments may have minimal, if any, effect" on the RFC.

**IT IS SO ORDERED**.

Dated this 15th day of August, 2017.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT JUDGE